UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MICHAEL GREEN, #607305,

                 Petitioner,

                                             CASE NO. 13-CV-10651
v.                                      HONORABLE VICTORIA A. ROBERTS

DUNCAN MACLAREN,

                 Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION FOR STAY AND ABEYANCE,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**     **Introduction**

       Michigan prisoner Joseph Michael Green ("Petitioner") filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional

rights. Petitioner was convicted of first-degree murder, attempted murder, and possession of firearm

during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2009.

He was sentenced to life imprisonment without the possibility of parole on the murder conviction,

a concurrent term of 15 to 30 years imprisonment on the attempted murder conviction, and a

consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings,

Petitioner appears to raise claims concerning a witness's invocation of his Fifth Amendment

privilege, the denial of counsel at a critical stage, the identification procedures, the use of prior

testimony, and the effectiveness of trial and appellate counsel.

       The matter is now before the Court on Petitioner's Motion for Stay and Abeyance, requesting

that the Court stay the proceedings and hold his habeas petition in abeyance so that he may finish exhausting his state court remedies on a motion for relief from judgment brought pursuant to Michigan Court Rule 6.500 *et seq*.  Petitioner says he filed his motion with the state trial court on January 8, 2013 and it is currently pending in that court.

For the reasons stated, the Court denies the Motion for Stay and Abeyance and dismisses the Petition for a Writ of Habeas Corpus without prejudice.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts.  The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be raised in the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

2

Petitioner admits that he has not exhausted all of his habeas claims in the state courts and that he has a motion for relief from judgment pending in the state trial court concerning the challenged convictions and his habeas claims. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Even if Petitioner's pending motion did not concern his current claims, that proceeding may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances.

Moreover, a stay is not necessary because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. The Michigan Supreme Court denied Petitioner leave to appeal on May 21, 2012. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 333

3

(2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); SUP. CT. R. 13(1). Under the statute of limitations, Petitioner's convictions became final on or about August 21, 2012 – 90 days after the Michigan Supreme Court denied relief. Petitioner then had one year in which to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). Petitioner states that he filed his motion for relief from judgment in the state trial court on January 8, 2013. At that point, less than five months of the one-year period had expired. Petitioner thus has sufficient time – more than seven months – to file a new petition containing all of his habeas claims upon the completion of state court remedies. A stay is unwarranted.

### III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning his convictions and habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DENIES** Petitioner's Motion for Stay and Abeyance and **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus. The Court makes no determination concerning the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the

4

Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous.  FED. R. APP. P. 24(a).  This case is closed.

      **IT IS SO ORDERED**.


            S/Victoria A. Roberts
            Victoria A. Roberts
            United States District Judge

Dated:  February 22, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Joseph Michael Green by electronic means or U.S. Mail on February 22, 2013.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |